William M. Audet (Cal. State Bar No. 117456)
Joshua C. Ezrin (Cal. State Bar No. 220157)
Adel A. Nadji (Cal. State Bar No. 232599)
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco, California 94105
Tel: 415.568.2555
Fax: 415.568.2556
E-mail: waudet@audetlaw.com

*Counsel for Plaintiff and the Proposed Class*

FILED
07 OCT 19 PM 4:08
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDL

| | |
|---|---|
| Pacific Coast Systems, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>YRC WORLDWIDE, INC., FEDEX CORPORATION, UNITED PARCEL SERVICE, INC., CON-WAY, INC., ARKANSAS BEST CORPORATION, AVERITT EXPRESS, JEVIC TRANSPORTATION INC., NEW ENGLAND MOTOR FREIGHT INC., OLD DOMINION FREIGHT LINE, INC., R&L CARRIERS, INC., SAIA, INC.,<br><br>Defendants. | No. C 07 5369<br><br>CLASS ACTION<br><br>COMPLAINT FOR VIOLATION OF THE SHERMAN ACT<br><br>BY FAX<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Pacific Coast Systems, on behalf of those similarly situated, bring this action for damages and injunctive relief under the antitrust laws of the United States against Defendants, demand a trial by jury and based upon information and belief and the investigation of counsel,

except for information based on personal knowledge, allege as follows:

## NATURE OF THE ACTION

1. Beginning on or before June 2003 (and continuing into the present), the Defendants have conspired to fix "fuel surcharges" for all Less Than Truckload (hereafter "LTL") shipment(s).

2. Pursuant to Rules 23(a), 23(b) and 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff seeks treble damages, injunctive relief, attorneys' fees and costs under the antitrust laws of the United States on behalf of themselves and all others similarly situated.

3. This action is instituted under §§4 and 16 of the Clayton Act, 15 U.S.C. §§15 and 26, to recover treble damages and costs of suit, including reasonable attorneys' fees, against Defendants for the injuries sustained by Plaintiff and the members of the Class (defined herein) by reason of the violations, as hereinafter alleged, of §1 of the Sherman Act, 15 U.S.C. §1.

4. This action is also instituted to secure injunctive relief against Defendants to prevent them from further violations of §1 of the Sherman Act, as hereinafter alleged.

## JURISDICTION

5. This Court has diversity jurisdiction over the Classes pursuant to 28 U.S.C. §1332(d)(2) and (6) because one or more members of the Classes defined herein are citizens of a State different from one or more of the Defendants and the aggregate amount in controversy exceeds five million dollars ($5,000,000), exclusive of interest and costs.

6. Jurisdiction is further conferred upon this Court by 28 U.S.C. §§1331 and 1337 and by §§4 and 16 of the Clayton Act, 15 U.S.C. §§15 and 26.

7. Venue is found in this district pursuant to §§4, 12 and 16 of the Clayton Act, 15 U.S.C. §§15, 22 and 26 and 28 U.S.C. §1391(b), (c) and (d). Venue is proper in this judicial district because Plaintiff resides in this district and during the Class Period one or more of the Defendants resided, transacted business, was found, or had agents in this district and a substantial portion of the affected interstate trade and commerce described below has been carried out in, this district.

8. Defendants maintain offices, have agents, transact business, and/or are found within this judicial district.

**DEFINITIONS**

9. "Less than truckload" means the service of providing freight shipment, for carriage by truck, when the freight to be shipped by a customer is less than one truckload.

10. Plaintiff brings this action on behalf of itself and the members of the Damages Class comprising:

> All persons or entities who paid a "fuel surcharge" on less than truckload service directly to Defendants or their unnamed co-conspirators from July 30, 2003 through the date of this Complaint. Excluded from the Class are federal government entities, the Defendants, their co-conspirators and their respective parents, subsidiaries and affiliates.

**THE PARTIES**

11. Plaintiff Pacific Coast Systems is a company with its principal place of business in San Francisco, California. The Company is a member of the Class, and directly paid fuel surcharges to one or more of the Defendants.

12. Defendant Arkansas Best Corporation ("ABF") is a trucking conglomerate incorporated in Delaware offering LTL services under a variety of business names and wholly-owned alter-ego subsidiaries, including ABF, ABF Freight System, ABF Freight System Canada, ABF Cartage, Land-Marine Cargo, and FreightValue, Inc. ABF's headquarters are in Fort Smith, Arkansas.

13. Defendant Averitt Express ("AE") is a privately-held company incorporated in Tennessee. AE's headquarters are in Cookeville, Tennessee.

14. Defendant Con-way, Inc. ("CW") provides LTL service, as well as truckload brokerage, airfreight forwarding, region asset based truckload service, transportation consulting, and assembly and distribution logistics programs for business-to-business supply cycle management. CW is headquartered in San Mateo, California.

15. Defendant FedEx Corporation ("FedEx") provides packaging shipping and freight services, including LTL service, and operates FedEx Kinko's, among other business lines. FedEx is a Delaware corporation with its principal place of business in California. FedEx's headquarters are located in Memphis, Tennessee.

16. Defendant Jevic Transportation, Inc. ("Jevic") is a New Jersey corporation. Jevic's headquarters are located in Delanco, New Jersey.

17. Defendant New England Motor Freight, Inc. ("NEMF") is a regional LTL company incorporated in New Jersey. NEMF's headquarters are located in Elizabeth, New Jersey.

18. Defendant Old Dominion Freight Line, Inc. ("ODFL") is a Virginia corporation. ODFL's headquarters are located in Thomasville, North Carolina.

19. Defendant R+L Carriers, Inc. ("RLC") is a privately-held LTL company, incorporated in Ohio. RLC's headquarters are located in Wilmington, Ohio.

20. Defendant Saia, Inc. ("Saia") is an LTL company incorporated in Delaware with headquarters located in Duluth, Georgia.

21. Defendant United Parcel Service, Inc. ("UPS") is a freight, package delivery, and supply chain management company incorporated in Delaware. UPS's headquarters are located in Atlanta, Georgia.

22. YRC Worldwide Inc. ("YRC") is a large trucking company incorporated in Delaware. YRC's headquarters are located in Overland Park, Kansas.

## FACTS

23. LTL services are used by plaintiff and members of the Classes as a means to transport ground freight in North America. Total domestic LTL industry revenue ranged in excess of $25 billion (annually) during the Class Period.

24. Fuel cost is the only substantial variable Defendants must cover that is subject to wide variation in price. Without regard to the actual pricing of fuel, Defendants collusively imposed artificially high "fuel surcharges" on Class Members. The charges in fact bear little relation to the increase in their fuel costs. Higher fuel costs in fact were merely the pretext for Defendants to agree among themselves to impose collusive "fuel surcharges."

## OPERATION OF THE PRICE-FIXING CARTEL

25. In the early 2000s, Defendants intentionally began imposing increasingly high "fuel surcharges."

26. Defendants agreed to impose identical or nearly identical "fuel surcharges" by

agreeing to tie the "fuel surcharges" to an index of diesel fuel prices published to the public by the United States Department of Energy ("Fuel Index").

27. Recently the Fuel Index was near $3.00. At that price, Defendants charged a "fuel surcharge" in excess of 20%.

28. The amount of the "fuel surcharge" imposed by the Defendants on orders exceeds the entire cost of fuel for delivering the freight of most customers, and vastly exceeds the increase in fuel prices since the "fuel surcharge" was imposed.

**EFFECTS**

29. The unlawful contract, combination or conspiracy alleged above had, *inter alia*, the following effects:

(a) Prices charged by Defendants and their co-conspirators to Plaintiff and the members of the Class for LTL services were maintained at artificially high and noncompetitive levels; and

(b) Plaintiff and members of the Class were required to pay more for LTL services than they would have paid in a competitive marketplace unfettered by Defendants' and their co-conspirators' collusive and unlawful price-fixing.

30. During and throughout the period of the contract, combination or conspiracy alleged above, Plaintiff and members of the Damages Class directly purchased LTL services in the United States.

31. Plaintiff and the other Damages Class members paid more for the LTL than they would have paid under conditions of free and open competition.

32. As a direct and proximate result of the illegal combination, contract or conspiracy alleged above, Plaintiff and the members of the Damages Class were injured and financially damaged in their businesses and property, in amounts that are not presently determinable but in excess of the amount necessary for the jurisdiction of this Court.

**CLASS ACTION ALLEGATIONS**

33. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

34. Plaintiff brings this action on its own behalf and as a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all members of the Classes.

35. Plaintiff believes the members of the Class number in the thousands, the exact number and identities being known only by Defendants.

36. The members of the Classes are so numerous and geographically dispersed that joinder of all members is impracticable.

37. There are questions of law and fact common to the Classes. These common questions relate to the existence of the conspiracy alleged, and to the type and common pattern of injury sustained as a result thereof. The questions include but are not limited to:

(a) Whether Defendants and their co-conspirators engaged in a combination and conspiracy among themselves to fix, raise, maintain or stabilize fuel surcharges imposed for LTL services sold in the United States;

(b) The identity of participants in the conspiracy;

(c) The duration of the conspiracy alleged in this Complaint and the nature and character of the acts performed by Defendants and their co-conspirators in furtherance of the conspiracy;

(d) Whether the alleged conspiracy violated §1 of the Sherman Act;

(e) Whether the conduct of Defendants and their co-conspirators, as alleged in this Complaint, caused injury to the business and property of Plaintiff and other members of the Class;

(f) The effect of Defendants' conspiracy on the prices of LTL services sold in the United States during the Class Period; and

(g) The appropriate measure of damages sustained by Plaintiff and other members of the Damages Class.

38. Plaintiff is a member of the Class. Plaintiff's claims are typical of the claims of other members of the Class, and plaintiffs will fairly and adequately protect the interests of the members of the Class. Plaintiff paid "fuel surcharges" for LTL services directly to Defendants. Plaintiff's interests are aligned with, and not antagonistic to, those of the other members of the

Class. In addition, Plaintiff is represented by competent counsel experienced in the prosecution of antitrust and class action litigation.

39. The prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for Defendants.

40. Defendants have acted, and refused to act, on grounds generally applicable to the Injunctive Relief Class, thereby making appropriate final injunctive relief with respect to this entire Class.

41. The questions of law and fact common to the members of the Classes predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

42. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Classes are readily definable from records in the files of Defendants and their co-conspirators. Prosecution as a class action will eliminate the possibility of repetitious litigation. Treatment as a class action will permit a large number of similarly situated persons to adjudicate their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by members of the Classes who otherwise could not afford to litigate an antitrust claim such as is asserted in this Complaint. This class action presents no difficulties of management that would preclude its maintenance as a class action.

**CLAIM FOR RELIEF**

**(For Violation of 15 U.S.C. §1)**

43. Plaintiff realleges and incorporates each and every allegation set forth above as if fully written herein.

44. From a date unknown, but at least from July 30, 2003, and continuing through the present, Defendants and their co-conspirators have combined, conspired and/or contracted to restrain interstate trade in violations of 15 U.S.C. §1.

45. In furtherance of the unlawful conspiracy, upon information and belief, each of the Defendants and their co-conspirators has committed overt acts, including, *inter alia*:

(a) agreeing to charge prices at certain levels and otherwise to fix, increase, maintain or stabilize prices of fuel surcharges of LTL services sold in the United States;

(b) communicating with co-conspirators regarding prices to be charged for LTL "fuel surcharge" services;

(c) meeting with co-conspirators in order to keep the existence of the conspiracy unknown so as to foster the illegal anti-competitive conduct described herein; and

(d) refraining from competition by refusing to offer fuel surcharges and LTL services at prices below the agreed-upon fixed price.

46. Defendants and their co-conspirators engaged in the activities described above for the purpose of effectuating unlawful arrangements to fix, maintain, raise and/or stabilize prices of fuel surcharges on LTL services.

47. Defendants' anti-competitive agreement was implemented by, *inter alia*, instituting surcharges calculated by reference to publicly published indices. These coordinated price increases continued on a regular basis through the present, with the actual and intended result that Plaintiff and members of the Class paid supracompetitive prices for fuel surcharges on LTL services. Defendants falsely attributed these price increases to the cost of fuel. As a direct and proximate result of the fuel surcharges on LTL price-fixing conspiracy, Defendants have restrained competition in the LTL market and injured Plaintiff and each Damages Class member in their business and property in that they have each paid a higher price for fuel surcharges on LTL services than they would have paid absent the concerted unlawful activity.

48. The conduct of Defendants and their co-conspirators constitutes a *per se* violation of §1 of the Sherman Act, 15 U.S.C. §1.

49. In the alternative, the conduct of Defendants and their co-conspirators is a rule of reason violation of §1 of the Sherman Act, 15 U.S.C. §1 given there is no legitimate business or procompetitive justification for the actions complained of herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that:

A. The Court determines that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure.

B. The contract, combination or conspiracy, and the acts done in furtherance thereof by Defendants and their co-conspirators, be adjudged to have been in violation of §1 of the Sherman Act, 15 U.S.C. §1.

C. Judgment be entered for Plaintiff and members of the Damages Class against Defendants for three times the amount of damages sustained by Plaintiff and the Damages Class as allowed by law, together with the costs of the action, including reasonable attorneys' fees.

D. Defendants, their affiliates, successors, transferees, assignees, and the officers, directors, partners, agents and employees thereof, and all other persons acting or claiming to act on their behalf, be permanently enjoined and restrained from, in any manner:

(i) Continuing, maintaining or renewing the contract, combination or conspiracy alleged herein, or from engaging in any other contract, combination or conspiracy having a similar purpose or effect, and from adopting or following any practice, plan, program or device having a similar purpose or effect; and

(ii) Communicating or causing to be communicated to any other person engaged in the manufacture, distribution or sale of any product except to the extent necessary in connection with a bona fide sales transaction between the parties to such communications.

E. Plaintiff and members of the Class have such other, further and different relief as the case may require and the Court may deem just and proper under the circumstances.

**JURY DEMAND**

Plaintiff demands a trial by jury of all of the claims asserted in this Complaint so triable.

Dated: October 19, 2007

By: ______________________

William M. Audet
Michael McShane
221 Main Street, Suite 1460
San Francisco CA 94105

Telephone: 415.568.2555
Facsimile: 415.568.2556

*Attorneys for Plaintiffs and the Proposed Class*